IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-cr-00345-PAB

UNITED STATES OF AMERICA,

Plaintiff,

v.

KAYODE DOBOSU,

Defendant.

---

**Government's Sentencing Statement and Response to Defendant's Position as to Supervised Release Violations and Sentencing Statement (ECF No. 97)**

---

For the Defendant's violations of the conditions of supervised release, the government recommends that the Court sentence the Defendant to eight months of incarceration, to be followed by a term of supervised release for five years. This recommendation represents a middle of the guidelines sentence of incarceration and a term of supervised release consistent with that prescribed under 18 U.S.C. § 3583(k) ("any term of years not less than 5, or life"). Continuation of Court supervision after incarceration is important because the Defendant has an atypical sexual interest in children and supervision will help protect the public from the potential of a future offense.

**Relevant Background**

The Defendant forcibly penetrated the vagina and anus of a nine year old girl when he was twenty-four. *United States v. Dobosu,* 2022 WL 2711436 at *1 (10th Cir.

1

2022). He failed to properly register as a sex offender, pleading guilty in federal court in 2022. *Id.* And he has subsequently violated the terms of supervised release, repeatedly, for the federal offense. *Id.* This is the fourth revocation of supervised release for this Defendant, and the third considered by this Court. *Id at \*2* (affirming this Court's previous sentence).

The Defendant is currently charged with failing to comply with the rules of the sex offender treatment agency, and failing to request or obtain authorization to use internet capable devices. (ECF No. 79). This conduct is similar to the previous violations, but this time the Probation Office indicates that the Defendant attempted to hide the fact that he was in possession of at least one internet capable device – a smartphone. (ECF No. 96 at 5). On June 27, 2023, the Defendant denied that he had a smartphone in his pocket, even after the Probation Officer found a new cellphone box in the Defendant's room and another officer identified a rectangular shape in the Defendant's pants pocket. *Id.* The Probation Officer called the phone number listed on the box, but the call went to voicemail. *Id.* When asked, the Defendant claimed he had an address book in his pocket; instead, it was the smartphone. *Id.* The Defendant also denied responsibility for possessing a Nintendo Switch, which also had internet capability. *Id.* Further, the report from the Probation Office reflects that the Defendant lacked motivation in his sex offender treatment and was unsuccessfully discharged, again, from treatment with RSA. (*Id., see also* ECF No. 96, Attach. C (citing reasons for discharge, including lack of amenability for sex offense-specific treatment)).

**Discussion**

Unlike the last appearance concerning this Defendant before the Court, the government now argues for a period of incarceration for the Defendant's failure to comply with the conditions of supervised release. Even considering the Defendant's intellectual disability, the conduct described by the Probation Office reflects an intentional failure to comply with clear instructions prohibiting the possession of internet capable devices. As this is repeated conduct that is more volitional than the last violation, a more significant consequence is warranted given considerations under both 18 U.S.C. §§ 3553 (a)(2)(B) (deterrence) and (a)(2)(C) (to protect the public).

The guideline range for this violation is between 5 and 11 months (ECF No. 96 at 3, U.S.S.G. § 7B1.4 ). Since this is a repeat offense, a sentence at the bottom of the guidelines is not sufficient to meet the purposes set forth above. Instead, the government suggests that a middle of the guidelines sentence of incarceration is likely sufficient, but not greater than necessary, to achieve a level of deterrence and to protect the public, while also reflecting the nature and circumstances of the offense and considering the history and characteristics of the Defendant. 18 U.S.C. § 3553 (a) (1), (a)(2)(B), (a)(2)(C).

For similar reasons, the government disagrees with the Defendant that a sentence of time served is sufficient. (ECF No. 97). In essence, the Defendant asks for a downward departure or variance from the guidelines. With this repeat violation, however, a downward departure or variance is inappropriate, especially considering the Defendant's attempt to deceive the Probation Officer, as well as the fact that the Defendant was unapologetic about his violations once confronted.

Even considering these aggravating factors, however, the government also disagrees with the Probation Office's recommendation seeking a custodial sentence of 24 months. (ECF No. 96). While incarceration is appropriate, the charged conduct does not rise to a level where an upward departure or variance from the guidelines is necessary to achieve the purposes outlined in the required sentencing factors, especially when compared to the original sentence of conviction.[1]

***Supervised Release Should Continue After Incarceration***

The government requests the Court continue supervision of the Defendant after a custodial sentence because in one key respect, supervision has been successful. Since the Court has Ordered supervision of the Defendant, he has not committed another offense involving children. Thus, despite the understandable frustration with the Defendant's repeated violations of conditions of release, Court supervision has served "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

For years, the Probation Office has provided exceptional service to the community, as well as the Defendant. The Probation Office has ensured that the Defendant has services that give him the best chance for success, but also has provided critical accountability. For this Defendant, accountability is necessary.

---

[1] Pursuant to 18 U.S.C. § 3583(c) the Court "shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)." Further, for the underlying offense of failing to register as a sex offender, the Defendant was sentenced to 12 months and a day, followed by five years of supervised release. *See U.S. v. Dobosu,* 2022 WL 271136 at *1 (10th Cir. 2022).

The Probation Office stepped in when the Defendant failed to stay at his reported address, accessed pornography on the internet, and failed to attend required group counseling. (ECF No. 20 at 4) (2016). When community service providers took the Defendant to Boondocks, the Candy Factory, or other locations frequented by children, it was the Probation Office that identified and stopped the conduct. (ECF Nos. 47 at 2-3 and ECF No. 55 at 1-2) (2021). When the Defendant sent pictures of genitalia and graphic text messages via a flip phone, the Probation Office acted and stopped that conduct too. (Id.) And significantly, for a period of years, the Probation Office has ensured that the Defendant has had access to sex offender treatment tailored for individuals with intellectual disabilities -- notwithstanding the Defendant's failure to comply with the requirements of that treatment.

The government credits the Probation Office with ensuring that "the defendant [has had] needed education or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553 (a)(2)(D). Even though the Defendant has not progressed in the way we would hope, the continued supervision of the Defendant has made sure that there are real consequences when he engages in unsafe behavior that could endanger the community. The Probation Office has served this critical role and has been a necessary check on the Defendant's conduct before it has devolved into something more serious. This remains an important sentencing consideration today because the Defendant is considered a moderate-high risk to sexually reoffend, and he maintains an atypical sexual interest in children. (ECF No. 96 at 4 and 6). Thus, the government asks that the Court maintain supervision over this

Defendant for five years after he serves a custodial sentence for violating the conditions of supervised release.

Dated this 12th day of October, 2023.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: *s/ J. Chris Larson*
J. Chris Larson
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
Email: j.chris.larson@usdoj.gov
Attorney for Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of October, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

      *s/ J. Chris Larson*
J. Chris Larson
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
Email: J.Chris.Larson@usdoj.gov